FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

02 DEC 18 PM 3:38

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, a legal entity; TERMINIX INTERNATIONAL, INC., a corporation, ) ) ) ) ) | ENTERED DEC 1 8 2002 |
| PLAINTIFFS, ) | |
| VS. ) | CV-02-H-2159-S |
| SHAW VILLAS TOWNHOME ASSOCIATION, INC., a non-profit corporation; JENNIFER TURNER and VICTOR TURNER; RUTH TERRELL and GEORGE TERRELL; EVELYN KAUFMAN DAVIS and EDWARD DAVIS; and HENRY PARE and MICHELLE PARE, ) ) ) ) ) ) ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OF DECISION**

On November 26, 2002 the court entered an order granting plaintiffs' September 4, 2002 petition to compel arbitration. The court ordered all defendants promptly to submit all claims described in their state court action against plaintiffs here, as well as any related or similar claims, to arbitration in accordance with paragraph #10 of the terms and conditions of the Termite Baiting System Protection Plan (attached to the September 4, 2002 petition to compel arbitration as an exhibit to the attached affidavit of Norman K. Goldenberg) if the defendants

desired to pursue or further pursue any such claims. The court advised the parties by such order that it intended

> (1) to enter an injunction enjoining defendants from pursuing the state court action as to plaintiffs herein and from failing to file a motion in the state court action seeking to dismiss, without prejudice, the state court action as to them, and (2) to enter final judgment in this action making permanent such injunction and making final the November 26, 2002 order directing arbitration unless defendants showed cause, if any there be, in writing by **December 13, 2002** why such injunction and final judgment not be entered.

On December 13, 2002 defendants filed a motion to dismiss the petition to compel arbitration, including in such motion their opposition to the motion to expedite a ruling on arbitration.[1] The December 13, 2002 filing could cause one to conclude that defendants did not receive and were not aware of the November 26, 2002 order were one not satisfied that a copy thereof was sent to each of the three attorneys representing defendants. Indeed, one could conclude that defendants were not even aware that they had filed a belated answer to the petition which prevented the filing of a Fed. R. Civ. P. 12(b) motion predicated upon lack of jurisdiction or failure to join a party under Rule 19.

---

[1] The motion to expedite a ruling on the petition for arbitration was also granted by the November 26, 2002 order.

2

Defendants raise three issues in their December 13, 2002 motion/opposition:

1. Lack of jurisdiction because of the absence of the required amount in controversy to support jurisdiction under 28 U.S.C. § 1332;

2. Lack of jurisdiction for failure to join Bobby J. Franklin as a necessary and indispensable party; and,

3. The Homeowner defendants in this action (all defendants other than Shaw Villas Townhome Association, Inc.) did not agree to arbitrate and the arbitration agreement is unconscionable.

In paragraph #12 of the petition to compel arbitration, plaintiffs allege that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and in paragraphs 13, 14, 15 and 16 they justify their statement of the requisite amount. As to defendants' Rule 12(b)(1) ground, apart from the fact that those allegations are arguably admitted by defendants' failure to file an answer or Rule 12(b) motion by October 21, 2002,[2] the court is satisfied that the requisite amount to give

---

[2] On October 15, 2002 the court granted defendants' October 10, 2002 motion to extend the time to October 21, 2002 to file their answer. The answer was not filed until November 26, 2002, followed by the Rule 12(b) motion on December 13, 2002, which motion is the subject of this order. As a general proposition a Rule 12(b) motion cannot be made after an answer is filed. But since two of defendants' grounds are, or arguably are, challenging jurisdiction, the court will overlook the improper sequence of filing.

this court jurisdiction under § 1332 is present. As to defendants' Rule 12(b)(7) ground, the court simply does not agree that Bobby J. Franklin is necessary to the litigation and is of the opinion the litigation can indeed continue without Franklin being joined. The third ground urged by defendants has two components. As to the first component, the court is satisfied it was correct in the November 26, 2002 order when it concluded that any plaintiff in the state court action who did not actually sign the contract containing the arbitration agreement was a third party beneficiary of the agreement and accepted benefits thereunder. As to the second component, the court is satisfied that the terms of the agreement are not grossly favorable to a party that had overwhelming bargaining power and are not oppressive or unfair as to the mechanism of arbitration. Further, as to such second component, the court is satisfied the cost of arbitration through the American Arbitration Association under its Commerce Arbitration Rules are not grossly out of proportion to the costs of litigating in the state courts of Alabama.

    Viewing the December 13, 2002 motion/opposition as appropriately and timely filed, and viewing it also as including a motion to reconsider the November 26, 2002 order, the objections stated therein are **OVERRULED** and the motions are **DENIED**. Further, the court does not view the December 13, 2002 filing as sufficient cause required by the November 26, 2002

order to prevent the court from entering the injunction described or to prevent entering final judgment in this action.

An appropriate injunction and final judgment will be entered.

DONE this ___18th___ day of December, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE